UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THERMO FISHER SCIENTIFIC, INC.,<br><br>                Plaintiff,<br><br>    v.<br><br>DENOVIX INC.,<br><br>                Defendant. | Civil Action No.:<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Thermo Fisher Scientific, Inc., ("Thermo Fisher"), by and through its undersigned attorneys, complains and alleges against Defendant DeNovix Inc. ("DeNovix") as follows:

**INTRODUCTION**

**1.** Plaintiff Thermo Fisher brings this action to stop defendant DeNovix from directly and indirectly infringing two patents covering Thermo Fisher's NanoDrop micro-volume spectrophotometers. These instruments enable users to measure the concentration and purity of DNA, RNA and proteins in extremely small (e.g., one microliter) samples. Thermo Fisher obtained the patents when it acquired NanoDrop Technologies, LLC ("NDT") in 2007. Following that acquisition, certain former employees of NDT established defendant DeNovix to compete directly with Thermo Fisher in the sale of micro-volume spectrophotometers. DeNovix currently sells the DS-11 family of spectrophotometers, which instruments are designed, manufactured and programmed to infringe the patents-in-suit.

**THE PARTIES**

**2.** Plaintiff Thermo Fisher is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Waltham, Massachusetts. It is a

world leading supplier of analytical instruments, equipment, consumables and laboratory supplies, including innovative technologies for mass spectrometry, elemental analysis, molecular spectroscopy, sample preparation, informatics, fine and high-purity chemistry production, cell culture, RNA interference analysis and immunodiagnostic testing.

3. Defendant Denovix is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Wilmington, Delaware.

## JURISDICTION AND VENUE

4. This is an action for patent infringement arising under the patent laws of the United States (Title 35, United States Code).

5. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has personal jurisdiction over DeNovix because, on information and belief, DeNovix transacts continuous and systematic business within the District of Massachusetts. This Court has personal jurisdiction over DeNovix because, on information and belief, this lawsuit arises out of DeNovix's infringing activities including, without limitation, DeNovix's distributing, selling and/or offering to sell infringing products in the District of Massachusetts, and/or importing infringing products and components into the District of Massachusetts. Finally, this Court has personal jurisdiction over DeNovix because, on information and belief, DeNovix has made, used, sold, offered for sale and/or imported their infringing products and components and placed such infringing products and components in the stream of interstate commerce with the expectation that such infringing products would be used, distributed, sold and/or offered for sale within the District of Massachusetts.

7. Venue properly lies within the District of Massachusetts pursuant to the provisions of 28 U.S.C. §§ 1391(b), (c), and (d), and 1400(b). On information and belief,

DeNovix conducts business directly and/or through third parties or agents in this judicial district by at least distributing, selling and/or offering to sell and/or importing the accused infringing products and components, including the DS-11 spectrophotometer and controlling software, and/or by conducting other business in this judicial district.

## THE ASSERTED PATENTS

8. On September 30, 2003, United States Letters Patent No. 6,628,382 ("the '382 patent"), entitled "Liquid photometer using surface tension to contain sample," was duly and legally issued by the United States Patent and Trademark Office to Charles William Robertson. A copy of the '382 patent is attached as Exhibit A.

9. On October 26, 2004, United States Letters Patent No. 6,809,826 (the '826 patent"), entitled "Liquid photometer using surface tension to contain sample," was duly and legally issued by the United States Patent and Trademark Office to Charles Robertson. A copy of the '826 patent is attached as Exhibit B.

10. Plaintiff Thermo Fisher, by lawful assignment, is the owner of all rights, title and interest in and to the '382 patent and the '826 patent.

11. The named inventor, Dr. Robertson, currently serves on the scientific advisory board of DeNovix. On information and belief, he has had and currently has other ties to DeNovix. Dr. Robertson and those in privity with him, including defendant DeNovix, are estopped from challenging the validity of the '382 patent and the '826 patent.

12. Plaintiff Thermo Fisher has complied with the requirements of 35 U.S.C. § 287(a) for marking its NanoDrop micro-volume spectrophotometers with the appropriate patent marking.

## COUNT ONE
### Infringement of the '382 Patent by DeNovix

13. Thermo Fisher incorporates by reference each of the allegations set forth in

paragraphs 1-12 above.

14. On information and belief, DeNovix, without authority, has directly infringed and continues to directly infringe the '382 patent, under 35 U.S.C. § 271(a), at least by making, importing, distributing, selling, offering for sale and/or using within the United States the DeNovix DS-11 family of spectrophotometers (the "Accused Devices"). On information and belief, and, by way of example only and not limitation, the Accused Devices practice each limitation of at least claim 1 of the '382 patent.

15. The Accused Devices are spectrophotometric apparatuses wherein a sample in the form of a liquid drop is contained by surface tension forces between two planar surfaces, one containing a photometric or spectrophotometric source and the other a photometric or spectrophotometric detector.

16. With the Accused Devices, an optical path is established through the sample between the two surfaces and the apparatus.

17. The Accused Devices contain first and second anvil surfaces at least one being moveable relative to the other to any one of at least three positions.

18. In the sample loading position, the upper anvil surface is moved so that a liquid drop can be placed on the lower anvil surface.



19. In the sample compression position, the upper anvil is lowered to a position selected so that the anvil surfaces are opposed and substantially parallel and proximally spaced (approximately 0.15 mm apart) so that the liquid wets and spreads upon both surfaces.



20. In one sample measuring position, the opposed substantially parallel surfaces are spaced apart (approximately 0.5 mm) to pull the sample into a column where it is contained by surface tension.



21. A measurement of the sample is then taken by directing a light from a xenon flash lamp through an optical fiber to the lower anvil and detecting the light passing through the sample through an optical fiber at the upper anvil that leads to a detector.



22. On information and belief, DeNovix, without authority, has actively induced and continues to actively induce infringement of one or more claims of the '382 patent under 35 U.S.C. § 271(b), by among other things, instructing or otherwise encouraging others to use the Accused Products within the United States in a manner that infringes one or more claims of the '382 patent by, among other things, supplying software "upgrades" that program the instrument to infringe.

23. On information and belief, DeNovix, without authority, has contributorily infringed one or more claims of the '382 patent under 35 U.S.C. § 271(c), by among other things, selling or offering to sell components of the Accused Device in the United States, constituting a material part of the invention, namely the hardware and software that enables the Accused Devices to pull the sample into a column to take a measurement, knowing the same to be especially made or adapted for use in an infringement of the '382 patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use.

24. On information and belief, the infringement by DeNovix is willful, making this an exceptional case and entitling Thermo Fisher to enhanced damages and attorneys' fees.

25. As a result of the infringement of the '382 patent by DeNovix, Thermo Fisher has

suffered and will continue to suffer damages in an amount to be proven at trial.

26. Thermo Fisher has been irreparably harmed by these acts of infringement and will continue to be harmed unless DeNovix's further acts of infringement are restrained and enjoined by order of this Court. Thermo Fisher has no adequate remedy at law.

## COUNT TWO
## Infringement of the '826 Patent by DeNovix

27. Thermo Fisher incorporates by reference each of the allegations set forth in paragraphs 1-25 above.

28. On information and belief, DeNovix, without authority, has directly infringed and continues to directly infringe the '826 patent, under 35 U.S.C. § 271(a), at least by making, importing, distributing, selling, offering for sale and/or using within the United States the Accused Devices. On information and belief, and, by way of example only and not limitation, the Accused Devices practice each limitation of at least claim 1 of the '826 patent.

29. The Accused Devices are spectrophotometric apparatuses wherein a sample in the form of a liquid drop is contained in tension by surface tension forces between two surfaces, one containing a photometric or spectrophotometric source and the other a photometric or spectrophotometric detector.

30. With the Accused Devices, an optical path is established through the sample between the two surfaces and the apparatus.

31. The Accused Devices contain first and second anvil surfaces at least one being moveable relative to the other to any one of three positions.

32. In the sample loading position, the upper anvil surface is moved so that a liquid drop can be placed on the lower anvil surface.



33. In the sample compression position, the upper anvil is lowered to a position selected so that the anvil surfaces are opposed and substantially parallel and proximally spaced (approximately 0.15 mm apart) so that the liquid wets and spreads upon both surfaces.



34. In one sample measuring position, the opposed substantially parallel surfaces are spaced apart (approximately 0.5 mm) to pull the sample into a column where it is contained in tension by surface tension.



35. A measurement of the sample is then taken by directing a light from a xenon flash lamp through a fiber to the lower anvil and detecting the light passing through the sample through a fiber at the upper anvil that leads to a detector.



36. The surface area of the drawn column is limited on at least one of the surfaces, at least by the use of sharp edges and by the use of anvils of different sizes.

37. On information and belief, DeNovix, without authority, has actively induced and continues to actively induce infringement of one or more claims of the '826 patent under 35 U.S.C. § 271(b), by among other things, instructing or otherwise encouraging others to use the Accused Products within the United States in a manner that infringes one or more claims of the '826 patent by, among other things, supplying software "upgrades" that program the instrument to infringe.

38. On information and belief, DeNovix, without authority, has contributorily infringed one or more claims of the '826 patent under 35 U.S.C. § 271(c), by among other things, selling or offering to sell components of the Accused Device in the United States, constituting a material part of the invention, namely the hardware and software that enables the Accused Devices to pull the sample into a column to take a measurement, knowing the same to be

especially made or adapted for use in an infringement of the '826 patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use.

39. As a result of the infringement of the '826 patent by DeNovix, Thermo Fisher has suffered and will continue to suffer damages in an amount to be proven at trial.

40. On information and belief, the infringement by DeNovix is willful, making this an exceptional case and entitling Thermo Fisher to enhanced damages and attorneys' fees.

41. Thermo Fisher has been irreparably harmed by these acts of infringement and will continue to be harmed unless DeNovix's further acts of infringement are restrained and enjoined by order of this Court. Thermo Fisher has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Thermo Fisher prays for judgment as follows:

1. That Thermo Fisher be adjudged the owner of the '382 patent and entitled to all rights of recovery thereunder, and that the '382 patent is valid and enforceable;

2. That Thermo Fisher be adjudged the owner of the '826 patent and entitled to all rights of recovery thereunder, and that the '826 patent is valid and enforceable;

3. That DeNovix be adjudged to have directly infringed and/or induced infringement of and/or contributorily infringed the '382 patent and the '826 patent, and that such infringement has been willful and deliberate;

4. That DeNovix and its officers, principals, agents, attorneys, servants, employees and all others in active concert or participation with DeNovix, and its successors and assigns, be enjoined by preliminary and permanent injunction from infringement and inducement of infringement of the '382 patent and the '826 patent, including but not limited to making, using, importing, offering to sell and selling the infringing products;

5. That Thermo Fisher be awarded damages under 35 U.S.C. § 284, adequate to

compensate it for DeNovix's willful infringement of the '382 patent and the '826 patent, in an amount to be proven at trial, together with interest and costs as fixed by the Court;

6. That this case be declared an exceptional case within the meaning of 35 U.S.C. § 285 and that Thermo Fisher be awarded the attorneys' fees, costs and expenses that it incurs prosecuting this action;

7. That Thermo Fisher be awarded prejudgment interest; and

8. For such other and further equitable relief as the Court deems proper.

Dated: November 21, 2016

/s/ Robert H. Stier, Jr.
Robert H. Stier, Jr. (BBO# 646725)
Margaret K. Minister (BBO# 624975)
Nolan L. Reichl (BBO# 668498)
Daniel A. Lev (BBO# 670958)
PIERCE ATWOOD LLP
Merrill's Wharf
254 Commercial Street
Portland, ME 04107
Telephone: (207) 791-1100
Facsimile: (207) 791-1350
rstier@pierceatwood.com
nreichl@pierceatwood.com

*Attorneys for plaintiff Thermo Fisher Scientific, Inc.*

## DEMAND FOR JURY TRIAL

Plaintiff Thermo Fisher hereby demands trial by jury for all issues so triable.

/s/ Robert H. Stier, Jr.
Robert H. Stier, Jr. (BBO# 646725)